Case 1:10-cv-03156-NGG-RER Document 10 Filed 09/19/11 Page 1 of 2 PageID #: 61

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 19 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY CORBIN, EVA CORBIN, and NICOLE CORBIN,

                              Plaintiffs,

         -against-

STANLEY EUSTACE WILSON, *individually and* d/b/a The Law Offices of Stanley Wilson d/b/a S & W Empowered, LLC,

                              Defendant.
------------------------------------------------------------------X

**ORDER**

**10-CV-3156 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

On July 9, 2010, Plaintiffs Anthony, Eva, and Nicole Cobin (collectively, the "Corbins") filed a Complaint against Defendant Stanley Eustace Wilson, doing business as The Law Office of Stanley Wilson, doing business as S & W Empowered, LLC ("Wilson") alleging a number of state law theories of fraud arising from Wilson's sale of real property to the Corbins to which he did not have title.[1] (Docket Entry # 1.) Wilson did not answer or otherwise defendant the action and, on April 12, 2011, the Clerk of Court entered a notation of default against Wilson. (Docket Entry Apr. 12, 2011.) The Corbins moved for default judgment against Wilson (Docket Entry # 5) and the court referred the motion to Magistrate Judge Ramon E. Reyes, Jr. for report and recommendation (Docket Entry # July 7, 2011). In his Report and Recommendation ("R&R"), Judge Reyes concluded that Wilson was liable to the Corbins under New York General Business Law § 349 for $174,000, the amount the Corbins paid to Wilson. (R&R (Docket Entry # 8) at 8-11.) Judge Reyes also concluded that the Corbins were entitled to $174,000 in punitive

---

[1] Stanley Eustace Wilson has since been disbarred from practicing law in New York. In re Wilson, 28 A.D.3d 99 (2d Dep't 2006).

1

damages, but not entitled to attorneys' fees. (Id.) The Corbins served a copy of the R&R on Wilson on September 2, 2011. (Docket Entry # 9.)

No party has objected to Judge Reyes's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). Having reviewed Judge Reyes's thoroughly reasoned R&R, the court adopts it in its entirety. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007). Accordingly, the court GRANTS Plaintiffs' motion for default judgment against Defendant, and awards Plaintiffs $348,000 in damages against Defendant, and post-judgment interest under 28 U.S.C. § 1961.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 16, 2010

NICHOLAS G. GARAUFIS
United States District Judge